IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIAL MOVAHHED,<br><br>Defendant. | ORDER AND<br>MEMORANDUM DECISION<br>GRANTING MOTION FOR<br>COMPASSIONATE RELEASE<br><br>Case No. 2:19-cr-93-TC-BCW<br><br>Judge Tena Campbell<br>Magistrate Judge Brooke C. Wells |

Before the court is Defendant Danial Movahhed's Amended Motion for Compassionate Release, filed on March 15, 2023 (ECF No. 1627).  The government initially opposed Mr. Movahhed's motion, but at a hearing held on January 25, 2024, the United States indicated that it no longer opposed the requested relief because of the extraordinary and compelling circumstances presented by Mr. Movahhed.  Accordingly, after careful consideration of the briefing and argument from both parties, and for good cause appearing, the court grants Mr. Movahhed's motion and orders him released by March 1, 2024.

## BACKGROUND

Mr. Movahhed was charged with participation in an illegal drug distribution scheme and pled guilty to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841 and 846.  The parties reached a plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and stipulated to a sentence of 60 months.  At a hearing on

1

June 4, 2020, the court accepted the plea agreement and sentenced Mr. Movahhed to 60 months

in the custody of the Bureau of Prisons (BOP).  The parties understood, and the court ordered,[1]

that the 60-month sentence would include credit for the 16 months prior to sentencing that Mr.

Movahhed spent in custody following a federal detention hearing on February 27, 2019.  (See

Judgment, ECF No. 999 at 2.)  But because of pending state charges and parole violations, the

Bureau of Prisons did not give Mr. Movahhed prior custody credit for these 16 months.

## LEGAL STANDARDS

Mr. Movahhed brings his motion under 18 U.S.C. § 3582(c)(1)(A), which was modified

by the First Step Act of 2018 (FSA).  See Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

According to the statute, the court "may reduce the term of imprisonment … after considering

the factors set forth in section 3553(a) to the extent they are applicable, if it finds that …

extraordinary and compelling reasons warrant such reduction … and that such a reduction is

consistent with applicable policy statements by the [United States] Sentencing Commission."

18 U.S.C. § 3582(c)(1)(A).  The factors under 18 U.S.C. § 3553(a) include the nature of the

crime, the defendant's characteristics and history, the danger to the public, and the sentencing

range.

Before Congress passed the First Step Act, only the BOP could bring a compassionate

release motion under § 3582(c)(1) requesting that the court reduce a prisoner's sentence.  Now

the court may consider the issue either upon a motion from the BOP or "upon motion of the

---

[1] This order was, in effect, a recommendation, as the authority to calculate a federal prisoner's period of incarceration and to provide credit for time served under 18 U.S.C. § 3585 is delegated to the Attorney General, who acts through the BOP.  United States v. Wilson, 503 U.S. 329, 334–35 (1992).  The statute states that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences … that has not been credited against another sentence."  18 U.S.C. § 3585(b).

defendant ….” 18 U.S.C. § 3582(c)(1)(A).  The court may only consider a defendant's motion after the defendant has “fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier ….”  Id.

Once a defendant has satisfied the exhaustion requirement, the court applies a three-step test to determine whether to reduce the sentence and release the defendant.  United States v. McGee, 992 F.3d 1035, 1042–43 (10th Cir. 2021).  First, the court determines “whether extraordinary and compelling reasons warrant a sentence reduction.”  Id. at 1042 (cleaned up).  Second, the court considers “whether such reduction is consistent with applicable policy statements issued by the Sentencing Commission.”  Id. (cleaned up).  Finally, the court “consider[s] any applicable § 3553(a) factors and determine[s] whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case.”  Id. (cleaned up).  “‘[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.’”  Id. at 1043 (quoting United States v. Elias, 984 F.3d 516, 519 (6th Cir. 2021)).

The statute does not define “extraordinary and compelling reasons” and courts must “determine for themselves” what constitutes such reasons.  Id. at 1045.  But Congress has also mandated that the Sentencing Commission, “in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples[.]”  28 U.S.C. § 994(t).

At the time Mr. Movahhed filed his motion, the Sentencing Commission had not yet promulgated guidance that applied to prisoner-filed motions.  See McGee, 992 F.3d at 1050 (holding that the guidance then in effect was not "applicable" to motions filed by defendants). But the Sentencing Commission published new amendments to the Sentencing Guidelines that went into effect on November 1, 2023, while Mr. Movahhed's motion was pending.  USSG § 1B1.13; see also 88 Fed. Reg. 7,180 (proposed amendments); 28 U.S.C. § 994(p) (specifying that the Sentencing Commission's proposed amendments go into effect unless Congress modifies or disapproves them).

Relevant to Mr. Movahhed's motion, the guidance in its current form includes the following bases for a determination that extraordinary and compelling reasons exist: 1) the medical circumstances of the defendant; 2) the defendant's family circumstances; and 3) "Other Reasons."  USSG § 1B1.13.

The "medical circumstances" category applies where the defendant is "suffering from a serious physical or medical condition" or "suffering from a serious functional or cognitive impairment … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  USSG § 1B1.13(b)(1)(B).  Extraordinary and compelling reasons also exist where "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death."  USSG § 1B1.13(b)(1)(C).

Family circumstances may rise to the level of extraordinary and compelling reasons where the defendant's parent is incapacitated and "the defendant would be the only available caregiver for the parent."  USSG § 1B1.13(b)(3)(C).

4

The "Other Reasons" provision[2] reads: "The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)."  USSG § 1B1.13(b)(5).

## ANALYSIS

### A.  Exhaustion of Administrative Remedies

The parties agree that Mr. Movahhed has exhausted his administrative remedies and Mr. Movahhed has submitted a copy of the letter his counsel sent to the prison warden more than thirty days before filing the amended motion.  (See Request for Compassionate Release, ECF No. 1627-2.)  Accordingly, the court may consider Mr. Movahhed's motion.

### B.  Extraordinary and Compelling Circumstances

Mr. Movahhed has been diagnosed with epilepsy and requires medication to control his seizures.  While Mr. Movahhed's epilepsy may have been appropriately treated in custody for some time, the unrefuted evidence before the court is that he is no longer receiving adequate and timely medical treatment to keep his epilepsy in check.  Mr. Movahhed reports having two to three seizures a week.  Particularly in conjunction with his other chronic health conditions, Mr. Movahhed is not able to adequately manage his health in a correctional environment with the resources currently available to him.

---

[2] The existence of a catch-all provision with only general criteria to guide its application means that, regardless of whether the court follows the language of the policy statement or simply looks to the statute, the analysis of the "extraordinary and compelling reasons" prong is essentially the same as the analysis of whether a reduction is consistent with any applicable policy statements.  See McGee, 992 F.3d at 1045 (holding that courts have "the authority to determine for themselves what constitutes 'extraordinary and compelling reasons,'" but also noting that "this authority is effectively circumscribed by the second part of the statutory test, i.e., the requirement that a district court find that a reduction is consistent with applicable policy statements").

Additionally, following the deaths of his father, wife, and brother, Mr. Movahhed's only other immediate adult family member is his mother.  Mr. Movahhed's mother is chronically ill and permanently disabled.  Her health is also failing.  Because of the deaths in their family, there is no one to provide Mr. Movahhed's mother with the assistance she needs on a daily basis, including assisting her with transportation to medical appointments, managing her medication, and maintaining her household.

Finally, Mr. Movahhed argues that the BOP's decision not to award him prior custody credit for the 16 months he was detained between his federal detention hearing and his federal sentencing is an additional circumstance rising to the level of an extraordinary and compelling reason justifying his release.  Given Mr. Movahhed's medical and family circumstances, the court need not decide whether this factor alone justifies a modification of Mr. Movahhed's sentence.[3]  But the court questions the BOP's decision not to award prior custody credit in this

---

[3] Challenges to the BOP's computation of an inmate's sentence are generally heard as habeas petitions under 28 U.S.C. § 2241 and require a prisoner to exhaust administrative remedies under the BOP's Administrative Remedy Program. See, e.g., Crenshaw v. Maldonado, No. 1:22-cv-2009, 2023 WL 4482336, at *1–2 (M.D. Penn. June 15, 2023) (dismissing a § 2241 petition for failure to exhaust administrative remedies). But see Bacon v. Fed. Bureau of Prisons, No. 6:545-18AK, 2001 WL 34684734, at *3 (D.S.C. Mar. 22, 2001) (holding that a challenge to a BOP's decision not to award prior custody credit—at least regarding an undischarged state term of imprisonment—is "an attack against the imposition of [the prisoner's] sentence" and should be brought before the sentencing court under 28 U.S.C. § 2255).

This court does not have jurisdiction to hear a § 2241 petition as Mr. Movahhed is not incarcerated in Utah. See Rumsfeld v. Padilla, 542 U.S. 426 (2004) (holding that a § 2241 petition must be brought in the district of incarceration).  Nevertheless, some courts have granted motions for compassionate release after finding that mistakes at sentencing rose to the level of extraordinary and compelling circumstances warranting a reduction in a prisoner's term of incarceration. See, e.g., United States v. Eccleston, 543 F. Supp. 3d 1092, 1144–45 (D.N.M. 2021) (finding that a defendant's reasonable but mistaken belief that his state and federal sentences would run concurrently constituted an extraordinary and compelling circumstance); United States v. Lopez, 523 F. Supp. 3d 432, 438 (S.D.N.Y. 2021) (holding that a substantial and conceded error in the defendant's sentencing guideline range and absence of any other avenue to correct error constituted an extraordinary and compelling reasons for sentence reduction); United States v. Comer, No. 5:12-cr-43, 2022 WL 1719404, at *5 (W.D. Va. May 27, 2022) (granting

case for two reasons.  First, it is unclear whether Mr. Movahhed was in primary state custody or primary federal custody during those 16 months.[4]  Second, the BOP has informed the court that Mr. Movahhed was not eligible for Kayfez/Willis credits[5] due to his pending state parole violations.  But neither the court nor the parties have been able to find this policy concerning state parole violations in the BOP sentencing manual.  See U.S. Dep't of Justice, Fed. Bureau of Prisons, Program Statement 5880.28.  While the court generally defers to the BOP's sentence calculations, the use of an unwritten policy in an area as confusing as concurrent federal and state sentencing and the calculation of prior custody credit raises concerns about whether such a policy could be applied arbitrarily.  This concern is especially important given the court's duty to assure itself that a defendant has made a knowing and voluntary plea agreement under Rule 11(c)(1)(C) and where the prosecutor, defense counsel, and the court all believe that a defendant will receive credit for a period of detention.

---

compassionate release where federal court intended defendant's sentence to run concurrently with his state sentence but the sentences were run consecutively).

[4] In the Tenth Circuit, a long period of pre-sentencing detention may convert primary state custody to primary federal custody.  See Brown v. Perrill, 28 F.3d 1073, 1075 (10th Cir. 1994) (holding that, due to the long period of detention, defendant who was detained by federal authorities for 19 months was in federal custody and not merely on loan from state authorities, but noting that the court was "unwilling to announce a per se rule as to how long a state prisoner may be 'on loan' to federal authorities without the federal authorities taking custody of the prisoner.")  Brown has been distinguished by other courts, see, e.g., Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000), on the ground that Brown interprets an older sentencing statute (18 U.S.C. § 3568 (1982 ed.)), but its holding has not been explicitly overruled.

[5] See US. Dep't of Justice, Fed. Bureau of Prisons, Program Statement 5880.28 at 1-22 to 1-24A; Willis v. United States, 438 F.2d 923 (5th Cir. 1971); Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993).  Frankly, the court finds it difficult to understand the correct application of these credits, which generally relate to prior custody credit in instances where a concurrent state sentence runs for a shorter time than a federal sentence.  See, e.g., West v. Whitehead, 484 F. Supp. 2d 1011, 1013 n.2 (D.S.D. 2007) (noting that "Kayfez is difficult to understand" and determining that it was "impossible from the record to tell whether or not any Kayfez time [was] warranted, and if so, how much.").  The confusion around these credits adds to the court's difficulty in crafting an appropriate sentence.

Mr. Movahhed has served the great majority of his 60-month sentence, even if the 60 months are calculated to begin in June 2020 rather than February 2019.  While incarcerated, Mr. Movahhed has taken advantage of the educational and vocational opportunities available to him and has sought to prepare for a life as a law-abiding member of society following his release.

The court finds that, when taken together, Mr. Movahhed's health, the needs of his family, and the expectations of all parties at sentencing concerning the length of Mr. Movahhed's sentence, rise to the level of extraordinary and compelling reasons to reduce his sentence.

### C.  Sentencing Commission Policy Statement

For the reasons stated above, the court finds that Mr. Movahhed's circumstances similarly satisfy the guidance from the Sentencing Commission regarding when an extraordinary and compelling reason exists for a sentence reduction.

### D.  Section 3553(a) Factors

In considering a motion for compassionate release, the court must finally "consider[] the factors set forth in section 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A).  Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," the purposes of sentencing, "the kinds of sentences available," the sentences and ranges established by the Sentencing Guidelines, "pertinent policy statement[s]" issued by the Sentencing Commission, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," and "the need to provide restitution to any victims."  18 U.S.C. § 3553(a).

The court undertook a careful analysis of the section 3553(a) factors when it originally sentenced Mr. Movahhed.  (Sent'g Tr., ECF No. 1382.)  At that time, the court noted that the

sentence reflected Mr. Movahhed's culpability in the conspiracy as a relatively lesser participant and the harsh circumstances Mr. Movahhed faced growing up in a refugee camp. Although the Sentencing Guidelines provided an advisory sentence of 151 to 188 months, after careful consideration of the factors, the court found that the 60-month sentence it was imposing, with the intention that Mr. Movahhed would receive credit for the time in custody since the case had been pending, would be sufficient for punishment and deterrence in light of Mr. Movahhed's circumstances.

Additionally, the court notes that Mr. Movahhed has participated in rehabilitative, educational, and vocational programs available to him while in prison and appears committed to being a law-abiding citizen following his release. The government does not oppose Mr. Movahhed's release, reflecting its agreement that release of Mr. Movahhed as ordered by the court satisfies the 3553(a) factors and accomplishes the goals of sentencing. With appropriate conditions for supervised release, which will be further addressed and determined by the court at a subsequent hearing, the court finds that on balance the 3553(a) factors weigh in Mr. Movahhed's favor.

As a result, Mr. Movahhed has demonstrated extraordinary and compelling reasons to warrant a reduction in his sentence. While the court must consider the sentencing guideline range, it has discretion to modify Mr. Movahhed's sentence consistent with the section 3553(a) factors. The interests of justice would not be served by prolonging Mr. Movahhed's prison term and the court therefore concludes that resentencing Mr. Movahhed is appropriate.

## ORDER

Mr. Movahhed has satisfied the requirements for compassionate release. Accordingly, the court GRANTS Mr. Movahhed's motion (ECF No. 1627) and reduces Mr. Movahhed's

sentence to credit for time served, effective March 1, 2024.  The parties agree that this release

date will give the Bureau of Prisons and the United States Probation Office sufficient time to

organize Mr. Movahhed's release.

The court maintains Mr. Movahhed's original three-year term of supervised release.  All

previously imposed standard and special conditions of supervision are reimposed, and the court

may impose additional conditions at a hearing to be held following the investigation of the

United States Probation Office.

DATED this 8th day of February, 2024.

BY THE COURT:

Tena Campbell
United States District Judge